# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

ADAM L. MORRIS

          Debtor(s).

In Proceedings
Under Chapter 7

Case No. 21-30468

## OPINION

This case presents the issue of whether a Debtor may exempt a contingent interest in a trust pursuant to Section 5/2-1403 of the Illinois Code of Civil Procedure. (735 ILCS 5/2-1403 (1999)).

## FACTS

The following facts are not in dispute.  On July 27, 1987, Debtor Adam Morris' great-grandparents, William J. Diel and Eris L. Diehl ("Grantors"), created the Diehl Family Trust ("Trust").  Both Grantors are now deceased.  Pursuant to Article VI, Section 3 of the Trust agreement, upon the passing of the Grantors, the Trust estate was divided into three separate trust shares. *Trust Agreement,* ECF Doc. 75, p. 6. The Debtor is a potential beneficiary of one of these shares.[1]  Specifically, under Article VI, Section (3)(b) of the Trust, fifty percent of the Trust corpus is being held in trust for Sandra Jolly, who is the Debtor's grandmother. *Id.* at p. 7.[2] Upon Ms. Jolly's death, the trust is to be distributed to her three children, with the descendants of any deceased child to take, per stirpes, the share that the deceased child would have taken had he

---

[1] In their Stipulation of Facts, the parties had initially indicated that the Debtor was a potential beneficiary of two shares.  *See* Joint Stipulation of Facts, ECF Doc. 64, ¶ 5.  However, the parties indicate in paragraph 7 of the Stipulation that the funds in one of these shares have long since been distributed.

[2] Ms. Jolly is still living and is seventy-two years of age.

1

or she survived. *Id.* at p. 8. Jill Mecurio, deceased, is Ms. Jolly's daughter and the Debtor's

mother.  Hence, upon Ms. Jolly's passing, the Debtor and his two brothers would each be entitled

to receive a one-ninth distribution of the Trust corpus.  It is undisputed that the Debtor is

presently not entitled to receive either the Trust corpus or income from the Trust.  The parties

have stipulated that the value of the Trust is approximately $435,000.00.[3]  The Trust does not

contain a spendthrift provision.[4]

The Debtor filed his Chapter 7 petition on June 29, 2021.  On his Schedule C, the Debtor

claimed an exemption in the Trust interest pursuant to 735 ILCS 5/2-1403.  This section of the

Illinois Code of Civil Procedure provides, in pertinent part:

> § 2-1403. Judgment debtor as beneficiary of trust.  No court, except as otherwise
> provided in this Section, shall order the satisfaction of a judgment out of any
> property held in trust for the judgment debtor if such trust has, in good faith, been
> created by, or the fund so held in trust has proceeded from, a person other than the
> judgment debtor. . . .

735 ILCS 5/2-1403 (1999).  The Trustee of the Debtor's estate, Donald Samson ("Trustee"),

objects to the Debtor's use of § 5/2-1403 to exempt his interest in the Trust.   The basis of the

Trustee's objection is that the statute in question is not an "exemption statute" and, therefore,

may not be used to shield property of the bankruptcy estate from the Trustee.

## DISCUSSION

The Bankruptcy Code sets forth a statutory framework for collecting and distributing the

assets of a Chapter 7 debtor.  The filing of a bankruptcy petition creates an estate which is

comprised of the debtor's property.  11 U.S.C. § 541(a). "Property of the estate" is broadly

---

[3] The parties stated at hearing on October 28, 2022 that this figure represents Ms. Jolly's fifty-percent interest in the corpus and that the other Trust assets have long since been distributed

[4] Beneficial interests in spendthrift trusts are not included in property of the bankruptcy estate.  11 U.S.C. § 541(c)(2).

defined by the Code, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05, 103 S.Ct. 2309,

76 L.Ed.2d 515 (1983), and "every conceivable interest of the debtor, future, nonpossessory,

contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus,* 996 F.2d

866, 869 (7th Cir. 1993), *abrogated on other grounds by Law v. Siegal*, 571 U.S. 415, 134 S.Ct.

1188, 188 L.Ed. 146 (2014). Upon the filing of the Chapter 7 bankruptcy petition, "it becomes

the Trustee's duty to maximize the estate and to liquidate the assets in the manner most

beneficial to the creditors." *In re Davis*, BK 02-33410, p. 3 (Bankr. S.D. Ill., May 12, 2003),

*citing* 11 U.S.C. § 704(1); *Matter of Luango*, 259, F.3d 323, 343 (5th Cir. 2001) (Garza, J.,

dissenting).

  However, despite the expansive definition of estate property, debtors are entitled to shield

certain assets from the reach of the Trustee via the use of statutory exemptions.  11 U.S.C. §

522(b).  Exemptions protect the debtor's "fresh start" by removing the property from the

bankruptcy estate and permitting the debtor to keep it for his or her own use.  *In re Wright*, 156

B.R. 549, 554 (Bankr. N.D. Ill. 1992).  Debtors may employ exemptions under either federal law

or state law, unless a state has chosen to "opt out" of the federal exemption scheme.  *In re*

*O'Malley*, 601 B.R. 629, 644 (Bankr. N.D. Ill. 2019); *In re Rozenzweig*, 245 B.R. 836, 839

(Bankr. N.D. Ill. 2000).  Pursuant to § 12-1201 of the Illinois Code of Civil Procedure, Illinois

residents are "prohibited from using the federal exemptions provided in Section 522(d) of the

Bankruptcy Code. . . ."  735 ILCS 5/12-120.  Hence, the Debtor in this case is restricted to the

exemptions provided by Illinois law.

  As indicated above, the Debtor is relying on 735 ILCS 5/2-1403 which prohibits a

judgment creditor from satisfying its judgment from the debtor's interest in a trust if the trust was

created in good faith by, or has proceeded from, a person other than the judgment debtor.

Although not specifically designated as an "exemption statute," Debtor argues that § 5/2-1403

should be construed as such because it protects trust assets from collection.  Specifically, he

asserts that "execution, attachment, levy and garnishment all depend upon and presuppose an

extant judgment or the eminent realization of one" and, as § 5/2-1403 prohibits satisfaction of

judgments from property held in trust, it operates as an exemption in this bankruptcy.  *See*

*Memorandum in Support of Debtor's Claim of Exemption*, ECF Doc. 74, pp 1-2.  The Court

disagrees.

The Illinois Supreme Court provided an extensive discussion of Illinois exemptions in *In*

*re Hernandez*, 2020 IL 124661, 161 N.E.3d 135, 443 Ill. Dec. 11 (2020).  It explained:

> Under Illinois law, exempt property is any property that the legislature has
> identified and declared to be free from liability to processes such as seizure and
> sale, or attachment to satisfy debts.  *In re Marriage of Logston*, 103 Ill. 3d 266,
> 277, 82 Ill. Dec. 633, 469 N.E.2d 167 (1984). Numerous statutes enacted by the
> Illinois legislature recognize such exemptions.  Some are included in Parts 9 and
> 10 of the Code of Civil Procedure (735 ILCS 5/120901 to 12-1006 (West 2016)),
> which deal with homestead exemptions and exemptions for personal property, and
> explicitly use the word 'exemption.'  Nothing in Illinois law, however, limits
> allowable exemptions in bankruptcy cases to those contained in the Code of Civil
> Procedure or those specifically labeled as 'exempt.'  As the bankruptcy courts
> sitting in Illinois have correctly recognized, no specific wording is required, and
> the provision's location in the statute books is not dispositive.  For purposes of
> determining whether property is exempt, the critical inquiry is simply whether the
> provision ***unequivocally protects the identified property against all forms of***
> ***collection.*** *In re Thum,* 329 B.R. 848, 853-54 (Bankr. C.D. Ill. 2004); *In re Allard*,
> 196 B.R. 402, 410 (Bankr. N.D. Ill. 1996); *In re McClure*, 175 B.R. 175 B.R. 21,
> 23-24 (Bankr. N.D. Ill. 1994).

*Id.* at ¶15, 161 N.E.3d at 139, 443 Ill. Dec. at 15 (emphasis added).

To determine whether a statute "unequivocally protects" an asset from "all forms of

collection," it is instructive to examine the language employed in various exemption statutes.  A

review of these statutes reveals a commonality—they are all broadly drafted to keep assets

completely beyond the reach of creditors.  For instance, the provision exempting certain retirement plans states that such plans are "exempt from judgment, attachment, execution, distress for rent, and seizure for satisfaction of debts."  735 ILCS 5/12-1006.  Likewise, the statute exempting worker's compensation awards provides that no such award "shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages."  820 ILCS 305/21.  The Illinois personal property exemption expressly exempts the subject property from "judgment, attachment or distress from rent."  735 ILCS 5/12-1001.  A similar provision is found in the Illinois homestead exemption statute which exempts a person's right and title to a homestead from "attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes."  735 ILCS 5/12-901.  As the court noted in *In re Thum*, the Illinois Legislature "has a demonstrable pattern, when creating an exemption, of using language that unequivocally protects the identified property against any and all debt collection mechanisms."  *Thum,* 329 B.R. at 853.

Conversely, no such language was employed in § 5/2-1403. The scope of § 5/2-1403 is much narrower, as it only protects a *judgment debtor's* interest in a trust from collection by a *judgment creditor.*  The Illinois Supreme Court discussed the term "judgment" in the context of personal property exemptions in *Marriage of Logston*, 103 Ill. 3d 266, 469 N.E.2d 167, 82 Ill. Dec. 633 (1984).  It explained:

> Standing alone as a legal term, 'judgment' has a well-settled definition.  It is a court's official decision with respect to the rights and obligations of the parties to a lawsuit.  A judgment, of course, may require one party to pay money to another. This money judgment, however, only states that a party must pay a particular sum.  The judgment does not specify the income or property from which the judgment debtor must satisfy the obligation.

*Id.* at 279, 469 N.E.2d at 171-72, 82 Ill. Dec. at 637-38.  Likewise, a "judgment creditor" is "one

who has obtained a judgment against debtor, under which he can enforce execution."  BLACK'S

LAW DICTIONARY 758 (5ᵗʰ ed. 1979).  Clearly, the Chapter 7 Trustee is not a judgment creditor in

this case, nor is he attempting to collect a judgment that he holds from the Debtor's Trust

interest.  Instead, the Trustee is merely marshaling estate assets for distribution to the Debtor's

creditors. As the court opined while discussing § 5/2-1403 in *In re Gutterridge*, 2013 WL

395140 (Bankr. C.D. Ill., January 31, 2013):

> It is clear that, outside of bankruptcy, Illinois judgment creditors cannot seize trust
> assets unless the trust is self-settled or otherwise created in bad faith.  However,
> once a bankruptcy petition is filed, the Illinois statute in this case cannot apply to
> create an exemption to a trust that is otherwise simply an asset of the bankruptcy
> estate.

*Id.* at *4, *citing In re Koeneman*, 410 B.R. 820, 826 (C.D. Ill. 2009) (state statute barring seizure

of wages to satisfy judgments was inapplicable to bankruptcy proceedings where no collection

order or citation had been issued).

Certainly, the Grantors could have placed the Trust property completely beyond the reach

of the bankruptcy Trustee simply by including a spendthrift provision.

> 'Spendthrift trust' is the term commonly applied to those trusts that are created
> with a view of providing a fund for the maintenance of another, and at the same
> time securing it against his own improvidence or incapacity for self-protection.
> The provisions against alienation of the trust fund by the voluntary act of the
> beneficiary, or in invitum by his creditors, are the usual incidents of such trust.

*Wagner v. Wagner*, 244 Ill. 101, 111, 91 N.E. 66, 69-70 (1910), *quoting* 26 Am. & Eng. Ency.

Of Law (2d Ed.) 138. Beneficial interests in a valid spendthrift trust are expressly excluded from

the property of a debtor's bankruptcy estate.  11 U.S.C. § 541(c)(2); *Lunkes v. Gecker*, 427 B.R.

425, 429 (Bankr. N.D. Ill. 2010).  However, this benefit does not come without a cost, as

spendthrift trusts restrict a beneficiary's ability to alienate the trust assets.  *Baird v. Ogden*

6

*Lincoln-Mercury, Inc.* 2020 Ill. App. (2d) 190498-U, 2020 WL 3258779 (Ill. App. 2d, June 16,

2020).  There is no indication from the Trust documents that the Grantors intended to restrict the

beneficiaries' use of the Trust assets[5] and the Court will not "blur the lines" between spendthrift

trusts and the provisions of § 5/2-1403.  *See Gutterridge*, 2013 WL 395140 at *4.

      The Court is equally unpersuaded by the Debtor's argument that § 5/2-1403 should be

construed as an exemption because collection activities such as attachment, levy and

garnishment all rely on the existence of an underlying judgment. *See Memorandum in Support of*

*Debtor's Claim of Exemption*, ECF Doc. 74, pp 1-2.  This interpretation is not supported by the

express language of the statute itself.  Certainly, exemption statutes are to be liberally construed

in favor of the debtor in order to foster the debtor's fresh start. *In re Grace*, 273 B.R. 570, 572, n.

6 (Bankr. S.D. Ill. 2002).  However, a statute should not be construed to *create* an exemption

where there is no indication that the legislature chose to do so.  "Courts are not at liberty to

depart from the plain language and meaning of a statute by reading into it exceptions, limitations,

or conditions the legislature did not express."  *Hernandez* at 18, 161 N.E.3d at 140, 443 Ill. Dec.

at 16, *citing Illinois State Treasurer v. Illinois Worker's Compensation Comm'n*, 2015 IL

117418, ¶ 21, 30 N.E.3d 288, 391 Ill. Dec. 18.  Had the legislature intended to protect trust

interests from the reach of the bankruptcy trustee, it could have expressly said so.  It did not.

Given the extremely narrow language of § 5/2-1403, the Court cannot find that this provision

"unequivocally" protects trust interests against all forms of collection.  Accordingly, IT IS

---

[5] The Trust appears to have provided for income to be paid to the Grantors' children for their life.  Upon the children's deaths, the Trust was to continue for the benefit of the Testators' grandchildren until such time as the grandchildren obtained specified ages.  At that time, the Trust was to terminate and the estate be paid to the grandchildren (or, as in this case, their descendants). The Trust also included a provision regarding payment of the grandchildren's educational expenses. *See Trust Agreement*, ECF Doc. 75, pp. 6-10.

ORDERED that the Trustee's objection is SUSTAINED and the Debtor's claimed exemption pursuant to 735 ILCS 5/2-1403 is DENIED.

    A separate order shall issue.

ENTERED: January 13, 2023

                        /s/ Laura K. Grandy

                        UNITED STATES BANKRUPTCY JUDGE